| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------<br><br>STACEY HESSLER<br><br>                        Plaintiff,<br><br>        -against-<br><br>THE CITY OF NEW YORK,<br>P.O. "JANE DOE" AND<br>"JOHN DOE" 1-10.<br><br>1'through'10 inclusive,<br>the names of the last defendants<br>being fictitious, the true names<br>of the defendants being unknown<br>to the plaintiff(s).<br><br>                        Defendant(s)<br><br>------------------------------------------------------------ | CASE No.: <u>13-cv-0821 (NRB)</u><br><br><br>COMPLAINT<br><br>PLAINTIFF(S) DEMAND<br>TRIAL BY JURY |

Plaintiff, STACEY HESSLER, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

**JURISDICTION**

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**PARTIES**

6. Plaintiff STACEY HESSLER resides in New York and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. P.O. DANIEL JASINSKI (sh. No. 926991) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. LT. JOHN HALL at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11. On 11/14/11 at approximately 9:10 am on the corner of Broad Street and Beaver Street in the county and state of New York plaintiff was walking south on the western side of the street.

12. At the above time and place Sergeant Lawrence Papola told plaintiff to move off the side walk and into the street. Plaintiff did so.

13. Despite following the orders of Sergeant Lawrence Papola, plaintiff was accosted by P.O DANIEL JASINSKI. P.O. DANIEL JASINSKI grabbed plaintiff by her hair and dragged her across the street. P.O. DANIEL JASINSKI then placed plaintiff under arrest. This incident was video recorded.[1] The video never shows plaintiff raising her hand at any officer or even raising her voice. It shows plaintiff complying with officers' orders. She only begins to cry and scream as an officer drags her approximately 50 feet

---

[1] http://www.youtube.com/watch?v=K8X-xorFTSg and http://www.youtube.com/watch?v=ZpFQyaLiuA0

across the pavement by her hair. Then P.O. DANIEL JASINSKI threatens her with a police baton despite the fact she is complying. It should be noted plaintiff is only 5 feet 3 inches tall and 115 lbs. and P.O. DANIEL JASINSKI is approximately 5 feet 11 inches tall and weighs approximately 190 lbs.

14. Plaintiff was handcuffed and brought to an unknown station house.

15. Approximately 1 day later plaintiff was released from police custody on her own recognizance.

16. Prior to plaintiff's arraignment LT. JOHN HALL conspired with P.O. DANIEL JASINSKI to fabricate a criminal complaint against her under the docket number 2011NY084135.

17. Plaintiff made four court appearances before finally being given an ACD. All charges were dropped on 1/11/2013.

18. Plaintiff did not plea to any crimes or violations for any of the above incidents.

19. This was plaintiff's first contact with police in her life.

20. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

22. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

23. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when she sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

24. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

25. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

26. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

27. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

28. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

29. By detaining and imprisoning plaintiff, without justification, probable cause or

reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

30. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

32. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him; and

   F. Denied equal protection under the law.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
*Monell* **claim**[2]

34. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

  **WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the City Defendant in an

---

[2] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

3. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

2/6/2013
Brooklyn, New York

                                            Respectfully Submitted

                                            /s/
                                        By:    Paul Hale, Esq
                                        26 Court St. Ste 913
                                        Brooklyn, NY 11242
                                        (718) 554-7344