**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------- x

STACEY HESSLER,

                             Plaintiff,

                -against-

THE CITY OF NEW YORK, PO DANIEL JASINSKI (Sh.
18741), LT. JOHN HALL, P.O. MARIA MCSWEENEY
(Sh. 15394) and P.O. "JANE DOE" AND "JOHN DOE" 1-
10. 1'through' 10 inclusive, the names of the last defendants
being fictitious, the true names of the defendants being
unknown to the plaintiff(s),

                             Defendant.

---------------------------------------------------------------------- x

**PLAINTIFF'S PROPOSED
JURY CHARGE**

13-cv-0821 (NRB)

        Ms. Hessler, by and through her attorney, Paul Hale, Esq. and Adam Roth, Esq.,

pursuant to Rule 51 of the Federal Rules of Civil Procedure, and in accordance with the rules of

this Court and the Local Civil Rules of the United States District Court for the Southern District

of New York, that the Court give the following instructions to the jury.

        In the joint pre-trial order, Ms. Hessler pled federal § 1983 causes of action for

false arrest, and excessive force.

## PART I:  GENERAL INSTRUCTIONS

## I.     INTRODUCTORY REMARKS

### A.     Juror Attentiveness

Members of the jury, you are about to begin your final duty, which is to decide the fact issues in this case. Before you do that, I will instruct you on the law. Please pay close attention to me. I will go slowly and will be as clear as possible.

**B.    Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

**C.    Role of the Jury**

As I have said, your role is to consider and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass

upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection. What I say is not evidence. It is your own independent recollection of the evidence that controls. Similarly, remember that a question put to a witness is never evidence. Only the answer is evidence. However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence — not the lawyers' and not mine — that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether Ms. Hessler or the defendant has presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were intended only for clarification or to move things along. They were not intended to suggest any opinions on my part as to the verdict you

should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses. It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

### D.    Burden of Proof

As this is a civil case, Ms. Hessler has the burden of proving her claim by a preponderance of the evidence. This means that Ms. Hessler must prove by a preponderance of the evidence each and every disputed element of each claim with respect to Officers and the damages resulting therefrom. If you find that Ms. Hessler has failed to establish a claim by a preponderance of the evidence, you must decide against her on that specific claim.

Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight, and the effect that it has on your minds. The law requires that for a Ms. Hessler to prevail on a claim, the evidence that supports the claim must appeal to you as more nearly representing what took place than the evidence opposed to the claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring Ms. Hessler's claim outweighs the evidence opposed to it that you can find in favor of Ms. Hessler.

Some of you have heard of proof "beyond a reasonable doubt," which is the proper standard of proof for a *criminal* trial. However, a Ms. Hessler in a *civil* case does not have to satisfy that requirement, and therefore you should put it out of your mind.

Finally, with respect to any element as to which a defendant bears the burden of proof, such as an affirmative defense, that defendant must establish that element by a preponderance of the evidence, as I have defined the phrase above.[1]

### E.    Direct and Circumstantial Evidence

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses — something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

---

[1] Adopted from <u>Stephen Williams v. Sergeant Officer McCarthy, et al.</u>, 05 CV 10230 (SAS).

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

**F.      Inferences**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw — but not required to draw — from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendant does not relieve Ms. Hessler of the burden of establishing her case by a preponderance of the evidence.  In order for Ms. Hessler to obtain a verdict in her favor, you must still believe from the credible evidence that Ms. Hessler has sustained the burden cast upon her.

G.     **Credibility of Witnesses**

You have had the opportunity to observe all the witnesses.  These instructions apply to your determination of the credibility of the witnesses that actually appeared and testified during this trial.  It is now your job to decide how believable each witness was in his testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness appear?  What was the witness's demeanor while testifying?  Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives they may have for testifying a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.  You should also consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, and their memories.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

Lastly, the testimony of a law enforcement officer should be considered by you just as any other evidence in this case, and in evaluating his credibility you should use the same guidelines which you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because he is a law enforcement officer.[2]

## H.     Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony. If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do

---

[2] *Butler u. City of Camden, City Hall,* 352 F.3d 811, 63 Fed. R. Evid. Serv. 232 (3d Cir. 2003); *Roberts v. Hollocher,* 664 F.2d 200, 9 Fed. R. Evid. Serv. 677 (8th Cir. 1981); *Darbin v. Nourse,* 664 F.2d 1109, 33 Fed. R. Serv. 2d 154, 72 A.L.R. Fed. 627 (9th Cir. 1981); *Bush v. U.S.,* 375 F.2d 602, 605 (D.C. Cir. 1967).

with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense. It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony you heard from the witness at trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A prior inconsistent statement of a witness who is not a party in these cases is not evidence you should consider in determining whether a Ms. Hessler has proved her case. The prior inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness. However, a prior statement of a Ms. Hessler *is* evidence if that statement was offered by the defendant. Likewise, a prior statement of a defendant is evidence if offered by a Ms. Hessler. In addition, you may consider such statements for any purpose, including assessing the credibility of that party as a witness.

## I. Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of this case. You should also take into account any evidence that the witness has an interest in testifying falsely for any other

reason.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Several of the witnesses are still employed by the Court Department and hence are interested witnesses in the outcome of this case. Their relationship with and employment by the Court Department are matters for you to consider, together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendants, and what weight you will give to their testimony.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

## PART II:  SUBSTANTIVE LAW

## 42 U.S.C. §1983[3]

Ms. Hessler filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a court officer acting in an official capacity. In order to prevail on this claim, Ms. Hessler must prove two things:

1. that the defendants acted under color of law; and

---

[3] "Court Misconduct Law and Litigation, Third Edition" Avery, Rudovsky & Blum, 2011.

2. that the defendants deprived Ms. Hessler of one or more constitutional rights.[4]

I shall now examine each of these two elements in greater detail.

### First Element

**Acting under color of law**

Acting under color *of* law simply means acting in one's capacity as a court officer. There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

### Second Element

**Causation**

Ms. Hessler must prove that the defendant(s) caused the harm or injuries that he allegedly suffered. In determining the question of causation, you should decide whether the defendant's wrongful conduct was a substantial factor in the resulting injury or harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.[5]

**No specific intent required**

It is not necessary to find that a defendant had any specific intent to deprive Ms. Hessler of her constitutional rights, or that he acted with malice or ill will in order to find for Ms. Hessler. Ms. Hessler is entitled to relief if a defendant intended the actions which resulted in a violation of her constitutional rights.[6]

---

[4] 2 U.S.C.A. $ 1983; *Gomez v. Toledo, 446* U.S. 635, 100 S. Ct. 1920, 64 L. Bd. 2d 572 (1980); *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 173, 16 Empl. Prac. Dec. (CCH) P 8345 (1978); *Monroe v. Pape,* 365 U.S. 167, 81 ':. 473, 5 L. Ed. 2d 492 (1961) (overruled on other grounds by, Monell v. bailment of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 873, 16 Empl. Prac. Dec. H P 8345 (1978)).

[5] *Egervary v. Young,* 366 F.3d 238 (3d Cir. 2004); Restatement (Second) of Torts, Section 431 (1965).

[6] *Graham v. Connor,* 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Parratt v. Taylor,* 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981 (overruled by, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662,

## A.     Commission of Alleged Acts

The determination of whether Officers committed the act alleged by Ms. Hessler is simply a function of your role as fact finders.  As I explained earlier, it is your duty to consider all of the evidence, assess the credibility of the witnesses, and determine the facts.  The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right.  Thus, in order for Ms. Hessler to prevail on her claims, there must be some evidence of personal involvement by defendant.  Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts.  Therefore, you must first make a determination of personal involvement for the defendant for the constitutional violations alleged by Ms. Hessler.  If you find that a defendant was not personally involved in the deprivation of Ms. Hessler's constitutional rights, then you must find for the defendant on that alleged violation.  If, however, you find that a defendant was personally involved in the deprivation of Ms. Hessler's constitutional rights, then you must go on and determine whether Ms. Hessler has proved the other elements of her claims regarding the deprivation of her constitutional rights.

## B.     Loss of a Constitutional Right

If you determine that Officers committed the act alleged by Ms. Hessler, you must next determine whether that act caused Ms. Hessler to suffer the loss of a constitutional right.

There are two constitutional rights at issue in this case:

(1)     freedom from false arrest;

---

88 L. Ed. 2d 662 (1986)) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Gomez v. Toledo,* 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); *Monroe v. Pape,* 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961 (overruled on other grounds by, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611, 17 Fair Empl. Prac. Cas. (BNA) 873, 16 Empl. Prac. Dec. (CCH) P 8345 (1978)); *Hudson u. New York City,* 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants where court instructed jury that an intentional violation of constitutional rights was required).

(2)       excessive force

I will now explain to you the constitutional rights at issue.

**(1)       False Arrest**

Ms. Hessler claims she was falsely arrested on November 17, 2011, in violation of the First and Fourth Amendment of the United States Constitution. Federal civil rights law provides a statutory remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

Ms. Hessler contends she was at the site of her arrest and engaged in a political protest when she was arrested. The First Amendment states "Congress shall make no law … abridging … the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." The privilege of a citizen of the United States to use the streets, parks and sidewalks for the communication of views on national questions is not absolute, but must not, under the guise of regulation, be abridged or denied.[7] Thus, Ms. Hessler's contention is she was arrested as a result of engaging in her constitutionally protected right to protest.

The officers contends that Ms. Hessler's arrest was lawful because there was probable cause to arrest Ms. Hessler under the laws of the State of New York. A police officer may not arrest a person without an arrest warrant unless he has probable cause to believe that a crime has been committed and that the person in question has committed that crime. Probable cause exists if the facts and circumstances known to the officer, and of which he had reasonably trustworthy information, are sufficient to warrant a prudent person in believing that the suspect probably has committed a crime. A mere possibility that the person has committed a crime is not enough. The hunch, guess, conjecture, or surmise of an officer is not enough, and there must be

---

[7] *Shuttlesworth v. City of Birmingham, Ala.* 394 US 147, 152 (1969)

enough actual evidence to reasonably lead to the conclusion that the suspect has committed a crime. The fourth amendment of the constitution states that the right of the people to be secure in their person and effects against unreasonable seizure shall not be violated except upon probable cause.  A false arrest is violative of the fourth amendment.  So, if you find that the defendant arrested Ms. Hessler without probable cause, you must find the defendant liable for a violation of Ms. Hessler's constitutional rights.[8]

The burden of proof on a claim of false arrest is on the defendant officer to demonstrate that there was probable cause for the arrest and detention. That is to say that since Ms. Hessler was deprived of her liberty interest, the defendants must justify their actions.[9]

If, after considering all the evidence, you conclude that at the time of her detention, there was probable cause to believe that Ms. Hessler had committed any crime for which he could have been charged, then you must find for Officers on the false arrest claim.

Now, in order for you to assess whether there was probable cause to arrest Ms. Hessler, I will instruct you briefly on each crime or crimes for which Ms. Hessler was or could have been arrested.  Bear in mind, however, that the issue for you is only whether Officers had probable cause for the arrest, not whether Ms. Hessler was in fact guilty of any crime.  I will now instruct you on the crime for which Ms. Hessler was arrested.

Ms. Hessler was arrested for Disorderly Conduct 240.20 (5). A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or

---

[8] *Dunaway v. New York,* 442 U.S. 200, 99 S. Ct. 2248, 60 L. Ed. 2d 824 1979); *Brown v. Texas,* 443 U.S. 47, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979); *Henry v. U.S.,* 361 U.S. 98, 80 S. Ct. 168, 4 L. Ed. 2d 134 (1959); *Brinegar v. U.S.,* 338 U.S. 160, 175-76, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949).

[9] <u>*Karr v. Smith*</u>, 774 F.2d 1029 (10th Cir. 1985); *Losch v. Borough ofParkes-burg, Pa.,* 736 F.2d 903 (3d Cir. 1984). Note, however, that two circuits place the burden of proof on Ms. Hessler. *Rankin v. Evans,* 133 F.3d 1425, 39 Fed. R. Sen-. 3d 1139 (11th Cir. 1998); *Crowder v. Sinyard,* 884 F.2d 804 (5th Cir. 1989) (abrogated on othis grounds by, Horton v. California, 496 U.S. 128, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990)). *Davis v. Rodriguez,* 364 F.3d 424, 64 Fed. R. Evid. Serv. 30 (2d Cir. 2004) (leaving issue open).

recklessly creating a risk thereof: He obstructs vehicular or pedestrian traffic. To find a person guilty of disorderly conduct, you must find the following:

   A.  Intent to cause public inconvenience, annoyance or alarm; OR

   B.  Recklessly created a risk of public inconvenience, annoyance or alarm;

      (2) she obstructs vehicular or pedestrian traffic

   In order to find someone guilty of disorderly conduct, the proof must be established to show that they intended to create or recklessly disregarded the risk they would create an obstruction; in short without intent, there is insufficient evidence for an arrest.[10]

## **Resisting Arrest**

A person is guilty of resisting arrest when they intentionally prevent or attempt to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person. It is a class A misdemeanor. (Penal law § 205.30)

The crime requires intentional conduct by Ms. Hessler. A person acts intentionally when it is their conscious aim or objective to cause such result or to engage in such conduct.

(Penal Law § 15.05(1). The resistance is not punishable if the arrest itself was not lawful.[11] If the arrest is not authorized, there can be no resisting arrest.[12] If you find that probable cause existed for the offense that I have described, then you must find in favor of the defendant with regard to this claim.

---

[10] *People v. Baker,* 20 NY3d 354 (NY 2011)

[11] *People v. O'Connor*, 257 N.Y. 473, 178 N.E. 762 (1931); *People v. Harewood*, 63 A.D.2d 876, 406 N.Y.S.2d 44 (1st Dep't 1978).)

[12] *People v. Peacock*, 68 NY2d 675 (NY 1986)

## (2) Excessive Force

Ms. Hessler claims that defendant Officers subjected her to the intentional use of excessive force, in violation of his Fourth Amendment rights, on November 17, 2011. Defendant denies this claim and state that any physical contact with Ms. Hessler was justified, reasonable, and in accordance with existing law.

Ms. Hessler claims that excessive force was used by the defendant in connection with her arrest. A person, even if he is being lawfully arrested, has a constitutional right to be free of excessive force. An officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer. However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose. Thus, if you find that the defendant used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendant is liable for a violation of Ms. Hessler constitutional rights.

There is no precise definition or formula available for determining whether force is excessive in a particular case. You should take into account 1) the severity of the crime the court were investigating, 2) whether Ms. Hessler posed an immediate threat to the safety of the officers or others, and 3) whether Ms. Hessler was actively resisting arrest or attempting to avoid arrest by fleeing.

Whether the officer used reasonable force must be judged from the perspective of a reasonable court officer on the scene, the totality of circumstances confronting the officer and the time available to the officer to assess the need for force under the circumstances of this case.[13]

---

[13] *Graham v. Connor,* 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer. It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant himself. Evil intentions on the part of the officer will not establish a constitutional violation if the force used was objectively reasonable. At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.

The use of force by court officers is not reasonable under the Constitution if there is no need for force. It is unreasonable and a violation of the Fourth Amendment for a court officer to use physical force on a person who has been arrested and restrained, who is securely under the control of the court, and who is not attempting to escape.[14]

### Second Element:  Proximate Cause

If you find no probable cause existed for any offense to arrest Ms. Hessler, your inquiry does not stop there.  Ms. Hessler must prove is that the acts of Officers were the proximate cause of the injuries Ms. Hessler sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by Ms. Hessler.  If you find that any of Officers' acts or omissions were a substantial factor in bringing about or actually causing Ms. Hessler's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendant's acts or omissions, then defendant's acts or omissions were a proximate cause of Ms. Hessler's injuries.  If an injury was a direct result or a reasonably probable consequence of a defendant's acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendant's act or

---

[14] *Cox v. Treadway,* 75 F.3d 230, 234, 43 Fed. R. Evid. Sew. 958, 34 Fed. E. Serv. 3d 243, 1996 FED App. 0028P (6th Cir. 1996).

omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, Ms. Hessler must show, by a preponderance of evidence, that her injury would not have occurred without the acts or omissions of the defendant.

A proximate cause need not always be the nearest cause either in time or space. In addition, there may be more than one proximate cause of an injury. Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury. Officers is not liable if Ms. Hessler's injuries were caused by a new or independent source that intervenes between the defendant's acts or omissions and Ms. Hessler's injuries and produces a result that was not immediately foreseeable by defendant.

## DAMAGES

### A. Cautionary Instructions

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that Ms. Hessler actually suffered as a result of defendant's conduct. You cannot award Ms. Hessler for injuries he may have suffered at the hands of others. The damages that you award must be fair compensation, no more and no less. It is Ms. Hessler who bears the burden of proving her damages by a preponderance of the credible evidence.

Additionally, if you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs in deciding on the amount of Ms. Hessler's damages. The matter of attorney fees and costs will be decided by the Court.

### B. Compensatory Damages

The fact that Ms. Hessler's rights are found to have been violated entitles her to compensation for the actual damages he has suffered. Therefore, if you decide for Ms. Hessler on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate her for any harm which the wrongful conduct of the defendants was a substantial factor in bringing about.

Among the elements of injury and harm which you should consider are:

1. The loss of past earnings and impairment of future earning capacity.

2. The reasonable expense for property damaged or destroyed.

3. The reasonable expense of legal services required and received by Ms. Hessler to defend and clear herself.

4. The physical harm to Ms. Hessler during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which Ms. Hessler will, with reasonable certainty, suffer in the future.

5. The emotional and mental harm to Ms. Hessler during and after imprisonment, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that Ms. Hessler will, with reasonable certainty, suffer in the future.

6. The reasonable expense of medical or psychological care, treatment, and services required and received by Ms. Hessler in connection with her physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

7. The extent and duration of the injuries, including their continuation in the future.


**C.**     <u>**Nominal Damages**</u>

Now let's turn to nominal damages.  Nominal damages are awarded when Ms. Hessler has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation.  Therefore, if you find that Ms. Hessler did not prove injuries as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**D.** __Punitive Damages__[15]

Ms. Hessler also seeks punitive damages in this case. If Ms. Hessler has proven by the preponderance of the evidence that defendant Officers is liable then you may determine whether Ms. Hessler has proven that is entitled to punitive damages.

The function of punitive damages is to punish the defendant for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendants acted willfully, deliberately, maliciously, or with reckless disregard of Ms. Hessler's constitutional rights. If you find that the defendant has done one of those things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of Ms. Hessler's rights resulted in only nominal compensatory damages. That is, even if Ms. Hessler can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of Ms. Hessler rights, punitive damages are appropriate.[16]

---

[15] Although defendant contends that, after hearing the evidence, the Court will determine that no rationale jury could find punitive damages against the defendant in this case, defendant proposes the following language on punitive damages should the Court find that the charge is necessary.

[16] *Smith v. Wade,* 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983); *Adickes u. S. H. Kress & Co.,* 398 U.S. 144, 234, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (Brennan, J., concurring).

## PART IV. CONCLUDING INSTRUCTIONS

## Selection of Foreperson; Right to See Exhibits and Hear Testimony:

## Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law. I will shortly send you as well a verdict form on which to record your verdict. [If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.]

If you want any of the testimony, that can also be provided, either in transcript or readback form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and

consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

Dated: Brooklyn, New York

8/17/2015

PAUL A. HALE, ESQ.
*Attorney for Ms. Hessler*
26 Court Street, Ste 913
Brooklyn, New York 11242
Tel: (718) 554-7344
Fax: (718) 679-9801

By: _____/s/_____
       Paul A. Hale