UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

STACEY HESSLER,

                                        Plaintiff,

                    -against-

PO DANIEL JASINSKI (Sh. 18741), LT. JOHN HALL,
P.O. MARIA MCSWEENEY (Sh. 15394) and P.O. "JANE
DOE" AND "JOHN DOE" 1-10. 1'through' 10 inclusive,
the names of the last defendants being fictitious, the true
names of the defendants being unknown to the plaintiff(s),

                                     Defendants.

------------------------------------------------------------------------x

**DEFENDANTS' PROPOSED JURY CHARGE**

13 Civ. 821 (NRB)

        Defendants Daniel Jasinski, John Hall, and Maria McSweeney, by their attorney, Zachary

W. Carter, Corporation Counsel of the City of New York, request, pursuant to Rule 51 of the

Federal Rules of Civil Procedure, that the Court give the following instructions to the jury.

## PART I:  GENERAL INSTRUCTIONS.

### I.  INTRODUCTORY REMARKS

#### A.  Juror Attentiveness

        Members of the jury, you are about to begin your final duty, which is to decide the fact

issues in this case.  Before you do that, I will instruct you on the law.  Please pay close attention

to me.  I will go slowly and will be as clear as possible.

#### B.  Role of the Court

        You have now heard all of the evidence in the case as well as the final arguments of the

lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to

accept these instructions of law and apply them to the facts as you determine them, just as it has

1

been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You will receive a copy of these instructions to take with you into the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any view of the law other than the one I give you.

**C.    Role of the Jury**

As I have said, your role is to consider and decide the fact issues that are in this case. You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the evidence; you determine the credibility or believability of the witnesses; you resolve whatever conflicts may be in the testimony; you draw whatever reasonable inferences and conclusions you decide to draw from the facts as you have determined them; and you determine the weight of the evidence.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence.  Nor is anything I may have said during the trial or may say during these instructions about a fact issue to be taken instead of your own independent recollection.  What I say is not evidence.  It is your own independent recollection of

2

the evidence that controls.  Similarly, remember that a question put to a witness is never evidence.  Only the answer is evidence.  However, you may not consider any answer that I directed you to disregard or that I directed struck from the record.

If there is any difference or contradiction between what any lawyer has said and what you decide the evidence showed, or between anything I may have said and what you decide the evidence showed, it is your view of the evidence — not the lawyers' and not mine — that controls.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether the plaintiff or defendant have presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were intended only for clarification or to move things along.  They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses.  It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  I will later discuss with you how to pass upon the credibility – or believability – of the witnesses.

### D.      Burden of Proof

As this is a civil case, plaintiff has the burden of proving their claim by a preponderance of the evidence.  This means that plaintiff must prove by a preponderance of the evidence each and every disputed element of her claims with respect to each defendant and the damages resulting therefrom.  If you find that plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against her on that claim.

Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, that is, its convincing quality, the weight, and the effect that it has on your minds.  The law requires that for a plaintiff to prevail on a claim, the evidence that supports the claim must appeal to you as more nearly representing what took place than the evidence opposed to the claim.

If you find that the credible evidence on a given issue is evenly divided between the parties - - that it is equally probable that one side is right as it is that the other side is right - - then you must decide that issue against the plaintiff.   That is because plaintiff is the party who bears the burden of proof in this case, and the party bearing the burden of proof must prove more than simple equality of evidence - - they must prove the element at issue by a preponderance of the evidence.

It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

Some of you have heard of proof "beyond a reasonable doubt," which is the proper standard of proof for a *criminal* trial.  However, a plaintiff in a *civil* case does not have to satisfy that requirement, and therefore you should put it out of your mind.

Finally, with respect to any element as to which a defendant bears the burden of proof, such as an affirmative defense, that defendant must establish that element by a preponderance of the evidence, as I have defined the phrase above.[1]

### E.      Evidence/What Is Not Evidence

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;

(2)     any facts to which all the lawyers have agreed or stipulated; and

(3)     any fact which I have instructed you to accept as true.

Nothing else is evidence; not what the lawyers say, not what I say, and not anything you may have heard outside the courtroom.

### F.      Direct and Circumstantial Evidence

There are two kinds of evidence:  direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses — something seen, felt, touched, heard, or tasted.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.

To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not

---

[1] Adopted from <u>Stephen Williams v. Sergeant Thomas McCarthy, et al.</u>, 05 CV 10230 (SAS).

look outside.  Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other act.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

### G.      Inferences

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess.  It is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw

— but not required to draw — from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence.  In order for the plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that the plaintiff has sustained the burden cast upon him.

### H.       Credibility of Witnesses

You have had the opportunity to observe all the witnesses.  These instructions apply to your determination of the credibility of the witnesses that actually appeared and testified during this trial.  It is now your job to decide how believable each witness was in his testimony.

How do you determine where the truth lies?  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility that a witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.

You should consider the opportunity the witness had to see, hear, and know the things about which they testified, the accuracy of their memory, their candor or lack of candor, their intelligence, the reasonableness and probability of their testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other believable testimony.  You watched the witnesses testify.  Everything a witness said or did on the witness stand counts in

your determination.  How did the witness appear?  What was the witness's demeanor while testifying?  Often, it is not what people say but how they say it that moves us.

In deciding whether to believe a witness, keep in mind that people sometimes forget things.  You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives they may have for testifying a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.  You should also consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, and their memories.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.  As the sole judges of the facts, you must decide which of

the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

## I.        Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.  If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether there was, in fact, any inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense.  It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony you heard from the witness at trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

9

A prior inconsistent statement of a witness who is not a party in these cases is not evidence you should consider in determining whether a plaintiff has proved his case.  The prior inconsistent statement was placed before you solely for the purpose of attacking the credibility of the witness.  However, a prior statement of a plaintiff *is* evidence if that statement was offered by the defendant.  Likewise, a prior statement of a defendant is evidence if offered by a plaintiff.  In addition, you may consider such statements for any purpose, including assessing the credibility of that party as a witness.

**J.      Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of this case.  You should also take into account any evidence that the witness has an interest in testifying falsely for any other reason.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances the witness's own interest.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, however, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based upon your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.  I instruct you that plaintiff Stacey Hessler, as well as defendants Daniel Jasinski, John Hall, and Maria McSweeney, are interested witnesses.

**K.      Multiple Claims and Multiple Defendants**

Plaintiff Stacey Hessler alleges that she has a right of recovery against defendants Daniel Jasinski, John Hall, and Maria McSweeney.  Now, before I instruct you on the legal elements of each of plaintiff's claims, I wish to instruct you that you must consider separately each defendant's involvement, if any, in each of plaintiff's alleged claims.

You must return a separate verdict for each plaintiff on each defendant for each claim that plaintiff has against that defendant.  In reaching your verdict, bear in mind that liability is individual.  Your verdict must be based solely upon the evidence, or lack of evidence, about each plaintiff and each defendant.  The case against one defendant stands or falls upon the proof, or lack of proof, against that defendant alone.

In other words, each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against any other defendant.

**PART II:  SUBSTANTIVE LAW[2]**

Plaintiff Stacey Hessler brings a claim for False Arrest and Excessive Force against all three defendants, Daniel Jasinski, John Hall, and Maria McSweeney.  I will first instruct you on plaintiff's false arrest claim, then I will instruct you on her excessive force claim.

**I.      THE STATUTE, ITS FUNCTION, AND ELEMENTS OF CLAIM FOR RELIEF**

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983.

---

[2] Defendants reserve the right to amend or include additional substantive jury charges at the time of trial.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)     The defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)     The defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

**A.     First Element:  Deprivation of Constitutional Right**

First, plaintiff must show that they were intentionally or recklessly deprived of a constitutional right by the defendants.  Specifically, the plaintiff must show, by a preponderance of the evidence, that (a) the defendants committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, the defendants acted intentionally or recklessly.

**1.   *Commission of Alleged Acts***

The first thing for you to determine is whether the defendants committed the acts alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the evidence that the defendants committed the acts alleged by that plaintiff, you must find in favor of the defendants.

**2.   *Loss of a Constitutional Right***

If you determine that the defendants committed the acts alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right. Plaintiff is suing for claims arising under the Fourth Amendment.  Those claims are false arrest and excessive force.

### B.  Intent

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendants committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, the officers acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that a defendant specifically intended to deprive a plaintiff of his civil rights in order to find in favor of that plaintiff.  Again, plaintiff will have established a deprivation of a constitutional right for purposes of section 1983 if you find that in performing the acts that caused the loss of that plaintiff's constitutional right, the defendants acted intentionally or recklessly, as I have explained the meaning of those terms.

### 2.  <u>Second Element:  Proximate Cause</u>

The second element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries that plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by a plaintiff.  If you find that any of the defendants' acts or omissions were a

substantial factor in bringing about or actually causing a plaintiff's injury, that is, if the injury was a reasonably foreseeable consequence of any of the defendants' acts or omissions, then the defendants' acts or omissions were a proximate cause of that plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if defendants' acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that her injury would not have occurred without the acts or omissions of the defendants.  If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complains about an injury that would have occurred even in the absence of defendants' acts or omissions, you must find that the defendants did not proximately cause that plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  Defendants are not liable if they did not cause plaintiff's injuries or if plaintiff's injuries were caused by a new or independent source that intervened between the defendants' acts or omissions and that plaintiff's injuries and produced a result that was not immediately foreseeable by defendants.

## II.      FEDERAL FALSE ARREST CLAIM

First, Plaintiff claims that defendants John Hall, Maria McSweeney and Daniel Jasinski falsely arrested her on November 17, 2011.

The elements of false arrest are as follows:  1) The defendant intended to confine plaintiff; 2) The plaintiff was conscious of the confinement; 3) The plaintiff did not consent to the confinement; 4) The confinement was not otherwise privileged.  See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Savino v. City of New York, 331 F.3d. 63, 75 (2d. Cir. 2003); Broughton v. State, 37 N.Y.2d 451, 456 (1975).  The burden is on the plaintiff to prove by a preponderance of the evidence each of the first three elements.  If you find that plaintiff failed to prove any of these first three elements with respect to a defendant, you must find for the defendant.  If you find that plaintiff has proven by a preponderance of the evidence each of the first three elements, then you should turn your attention to whether the confinement was privileged.

With respect to the element of "not otherwise privileged," an arrest is privileged or lawful if probable cause existed to believe that plaintiff was committing, or had committed, a crime or crimes.

Probable cause exists if the facts and circumstances known to the defendants at the time of the arrest were such as to lead a reasonably prudent person to believe that plaintiff had committed or was committing a crime.  An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.  The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.  See Montes v. Kings, 00 CV 4707 (RCC), 2007 U.S. Dist Lexis 14464, (S.D.N.Y 2002); see also Marshall v. Sullivan, 105 F.3d. 47, 54 (2d Cir 1996); Annunziata v. City of New York, 06 CV 7637 (SAS), 2008 U.S. Dist. LEXIS 442097 at *16 (S.D.N.Y. May 28, 2008).

15

The existence of probable cause is measured at the moment of arrest, not based on later developments.  This is why the ultimate disposition of the criminal charges against plaintiff is irrelevant to this question.  So long as there is probable cause, a defendant is not required to explore every theoretical claim of innocence before an arrest.  Panetta v. Crowley, 460 F.3d. 388, 396 (2d Cir. 2006).  In fact, a defendant has no duty to investigate any claims of innocence made by a plaintiff.  Panetta, 460 F.3d. at 396.  Moreover, probable cause is not defeated simply because a defendant ignored any statements of innocence by a plaintiff or his witnesses.  Panetta v. Crowley, 460 F.3d 388, 395-96 (2d Cir. 2006).

I instruct you further that the law recognizes that not every defendant can be aware of every aspect of an investigation.  Hence, in determining whether there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all defendants who are working together in an investigation.  The knowledge of each of the defendants is presumed known to all.  See United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2001).

Moreover, once a defendant possesses facts sufficient to establish probable cause, he/she is neither required, nor allowed to sit as prosecutor, judge or jury.  See Panetta, 460 F.3d at 396; see also Cerrone v. Brown, 246 F.3d 194, 203 (2d Cir. 2001).  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.  Probable cause can exist even where it is based on mistaken information, so long as the defendants acted reasonably and in good faith in relying on that information.  See Dawson v. Snow, 356 Fed. Appx. 526 (2d Cir. 2009).

The existence of probable cause is not measured by the strict standards required for criminal conviction.  A defendant need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed.  Before making an arrest, if the defendant has probable cause, he need not also believe with certainty that the plaintiff will be successfully prosecuted.  See Curley v. Village of Suffern, 268 F.3d. 65, 70 (2d Cir. 2001).  Probable cause requires only a fair probability that an offense has been or is being committed.   In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.  An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being or had been committed.  Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.

Additionally, there need not have been evidence proving each of the elements of the offense at the time of the arrest.  See Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004); Michigan v. DeFilippo, 443 U.S. 31, 36 (1979).  Many crimes require that the individual commit an act with a certain intention or state of mind.   However, for the purposes of probable cause, when a defendant has evidence that plaintiff engaged in conduct prohibited by law, he has probable cause to arrest the plaintiff even without specific evidence on the elements of knowledge and intent that will have to be proved by the prosecutor to secure a conviction at trial. See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. 2005).  This is supported by the law's general recognition that the fact that an innocent explanation may be consistent with the facts as alleged does not negate probable cause.  See McGuire v. City of New York, 142 Fed. Appx. 1, 3 (2d Cir. 2005).

Moreover, it is not necessary to show that there was probable cause for each possible offense that plaintiff committed or was committing.  A defendant need only have probable cause to believe that plaintiff was committing or had committed an offense or crime. An arrest made with probable cause is lawful even though the plaintiff may not have committed *any* of the offenses for which he was arrested.  See Marcavage v. City of New York, 689 F.3d 98, 109-10 (2d Cir. 2012).

A report of a crime is generally enough, by itself, to establish probable cause, unless circumstances raise doubt as to the reporter's veracity.  Police officers, when making a probable cause determination, are entitled to rely on another person's allegations that a crime has been committed. When another officer identifies the alleged perpetrator of a crime and there is independent corroborative evidence to support at least some of the reporting officer's assertions, a person of reasonable caution is warranted in believing that an offense has been committed by the alleged perpetrator.  Thus, if an officer receives information from another officer, that information may form the basis for probable cause to arrest the person.

Finally, you cannot take into account any perceptions you may have regarding any defendant's underlying intent or motivation.  Even if a defendant acts with evil intentions, that defendant will not have violated the law if he had probable cause under the circumstances.

The question for you to answer is whether the defendants had, by a preponderance of the evidence, probable cause to believe that plaintiff was committing, or had committed, *any* crime or offense - - not only the ones with which plaintiff was ultimately charged.  I will now define the possible charges that plaintiff could have been, or was in fact, arrested for.  Again, you may consider all of them.

On November 17, 2011 plaintiff was arrested and charged with New York Penal Law § 240.20(5), Disorderly Conduct for blocking pedestrian or vehicular traffic, New York Penal Law § 240.20(6), Disorderly Conduct for failure to obey a lawful order to disperse, and New York Penal Law § 205.30, Resisting Arrest.  In addition, you may also consider and determine whether there was probable cause for anyone of the following offenses: New York Penal Law § 195.05, Obstruction of Governmental Administration in the Second Degree or "OGA;" New York Penal Law § 240.26, Harassment in the Second Degree; New York Penal Law § 205.05, Escape in the Third Degree; New York Penal Law § 240.05, Riot in the Second Degree; and various provisions of the New York State Vehicle and Traffic Law and the Rules of the City of New York.

A person is guilty of New York Penal Law § 195.05, OGA in the Second Degree, when she intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force, or interference.  Under New York State Law, merely approaching the police, or speaking during the course of a police action, or disregarding police instructions, provides probable cause to arrest a citizen for Obstructing Governmental Administration.  This also includes interfering with police attempts to clear a sidewalk or roadway of people.

A person is guilty of New York Penal Law § 240.20(5), Disorderly Conduct for blocking pedestrian or vehicular traffic, when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, she obstructs the roadway or sidewalk.

A person is guilty of New York Penal Law § 240.20(6), Disorderly Conduct for failure to obey a lawful order to disperse, when with intent to cause public inconvenience, annoyance or

alarm, or recklessly creating a risk thereof, plaintiff does not comply with a lawful order to disperse from an area.   An order to disperse is lawful unless it is purely arbitrary and not calculated in any way to promote a public interest.

A person is guilty of New York Penal Law § 240.20(1), when with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, plaintiff engages in fighting, violent, tumultuous, or threatening behavior.

A person is guilty of New York Penal Law § 205.30, Resisting Arrest, when she intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of herself or another person.

A person is guilty of New York Penal Law § 240.26, Harassment in the Second Degree, when, with intent to harass, annoy or alarm another person she strikes, shoves, kicks or otherwise subjects  such  other person to physical contact, or attempts or threatens to do the same.

A person is guilty of New York Penal Law § 205.05, Escape in the Third Degree, when she escapes from custody. "Custody" means restraint by a public servant pursuant to an authorized arrest or an order of a court.

A person is guilty of ; New York Penal Law § 240.05, Riot in the Second Degree, when, simultaneously with four or more other persons, she engages in tumultuous and violent conduct and thereby intentionally or recklessly causes or creates a grave risk of causing public alarm.

Turning to the Vehicle and Traffic Law, the following are offenses you may consider:

**Obedience to police officers and flagpersons:** No person shall fail or refuse to comply with any lawful order or direction of any police officer or flagperson or other person duly empowered to regulate traffic.  V.T.L. § 1102.

**Pedestrians on Roadways:** Where sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.  V.T.L. § 1156(a).

Further, two provisions of the Rules of the City of New York, Department of Transportation Rules may have formed the basis of plaintiff's arrest:

**Restrictions on Crossing:** No pedestrian shall cross any roadway at an intersection except within a crosswalk. N.Y.C. Transp. R. § 4-04 (c)(2).

**Restrictions on Crossing:** No pedestrian shall cross a roadway except at a crosswalk on any block in which traffic control signals are in operation at both intersections bordering the block.) N.Y.C. Transp. R. § 4-04 (c)(3).

You may also consider whether there was probable cause to believe plaintiff was committing an attempt of these offenses.  "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. Penal L. § 110.00.

If you find that probable cause existed – or, in other words, it was reasonable to believe that plaintiff had committed anyone of the offenses of Disorderly Conduct, Resisting Arrest, OGA, Harassment in the Second Degree, Escape in the Third Degree, Riot in the Second Degree, Obedience to Police Officers and Flagpersons, Pedestrian on Roadways, or the types of Restriction on Crossing – your inquiry ends here and you must find in favor of the defendants. Please also note, you do not have to be unanimous on which offense you find probable cause; you need only to be unanimous that probable cause existed for *any* offense.

### III.    FEDERAL EXCESSIVE FORCE CLAIM

Plaintiff alleges that the defendants violated her Fourth Amendment rights by using excessive force against them.  Defendants dispute plaintiff's version of events, and contend that

their actions were justified, reasonable under the circumstances, and in accordance with the existing law.  Therefore, you must first determine whose version of events you believe.

In order to find for each plaintiff on her claim, you must find three (3) things: first, that she suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendants, and no one else, directed at that plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

Even if you find that there was some forcible contact between plaintiff and one or more defendants, that mere fact would not be sufficient by itself to demonstrate that those defendants violated that plaintiff's constitutional rights.[3]  In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous.  That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[4]

Every person has the right not to be subjected to unreasonable or excessive force by a law enforcement officer.  On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.  You must determine: 1) whether there was any force used against the plaintiff; 2) if there was force used against that plaintiff, whether the force was used by any of the defendants; and 3) if any of the defendants used force against that plaintiff, whether

---

[3] Defendants note the following legal support for inclusion of this instruction: See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[4] Defendants note the following legal support for inclusion of this instruction: See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

the force was unnecessary, unreasonable, or excessively violent.   Force is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[5]

Now the Constitution must not be trivialized.   The use of force is not uncommon or unusual in the course of restraining an individual.   Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[6]   Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable for every such incident.[7]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.   They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[8]   The question is only whether the officer's actions are objectively reasonable in light of all the facts and

---

[5] Defendants note the following legal support for inclusion of this instruction: Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

[6] Defendants note the following legal support for inclusion of this instruction: Graham, 490 U.S. at 396

[7] Defendants note the following legal support for inclusion of this instruction: Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[8] Defendants note the following legal support for inclusion of this instruction: Taken from the instructions given by the Hon. Tucker L. Melancon in Fryar v. Zhen, et al., 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

circumstances confronting him.  In this regard, you are not to decide if the <u>least</u> amount of force was used but rather you are only to decide if the force that was used, if any, was <u>reasonable</u>.[9]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[10]  You are not to consider the officer's underlying intent or motivation.[11]  I also instruct you that negligence or mistakes or an accident do not violate the Fourth Amendment.  Each plaintiff must show that an officer acted <u>intentionally</u> in using excessive force.

Defendants deny that they subjected the plaintiff to excessive force.  Therefore, you must first determine whether a plaintiff has proven by a preponderance of the evidence that the acts alleged by him or her took place.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendants on this claim.  If your answers are yes, then you must determine whether the alleged acts were Intentional by the individual defendant.  If your answers are no, then your deliberations are over and you must bring back a verdict for the defendants on this claim.  If your answers are yes, then you must determine whether the amount of force used was what a reasonable officer would have employed under similar circumstances.

---

[9] Defendants note the following legal support for inclusion of this instruction: Taken from the instructions given by Hon. Brian M. Cogan Court in <u>Gilliard v. Kibel, et al.</u>, 10 CV 5247 (E.D.N.Y.); <u>see also</u> instructions given by Hon. Judge Fredric Block in <u>Stanczyk v. City of New York, et al.</u>, 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[10] Defendants note the following legal support for inclusion of this instruction: <u>See</u> instructions given by Hon. Judge J. Paul Oetken in <u>Choi v. Murdocco</u>, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[11] Defendants note the following legal support for inclusion of this instruction: <u>Graham</u>, 490 U.S. at 396.

### 3.     *Intent*

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendants committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, the officers acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that a defendant specifically intended to deprive a plaintiff of his civil rights in order to find in favor of that plaintiff.  Again, each plaintiff will have established a deprivation of a constitutional right for purposes of section 1983 if you find that in performing the acts that caused the loss of that plaintiff's constitutional right, the defendants acted intentionally or recklessly, as I have explained the meaning of those terms.

### 2.     <u>Second Element:  Proximate Cause</u>

The second element that each plaintiff must prove is that defendants' acts were a proximate cause of the injuries that plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or

damage sustained by a plaintiff.  If you find that any of the defendants' acts or omissions were a substantial factor in bringing about or actually causing a plaintiff's injury, that is, if the injury was a *reasonably foreseeable* consequence of any of the defendants' acts or omissions, then the defendants' acts or omissions were a proximate cause of that plaintiff's injuries.  If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if defendants' acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, each plaintiff must show, by a preponderance of evidence, that his or her injury would not have occurred without the acts or omissions of the defendants.  If you find that the defendants have proven, by a preponderance of the evidence, that a plaintiff complains about an injury that would have occurred even in the absence of defendants' acts or omissions, you must find that the defendants did not proximately cause that plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  Defendants are not liable if they did not cause a plaintiff's injuries or if a plaintiff's injuries were caused by a new or independent source that intervened between the defendants' acts or omissions and that plaintiff's injuries and produced a result that was not immediately foreseeable by defendants.

## PART III:  QUALIFIED IMMUNITY

Defendants assert that the defense of qualified immunity is one for the Court to decide, not the jury.[12]  Defendants reserve the right to provide Proposed Special Interrogatories and/or questions concerning qualified immunity for the Court's consideration after the close of plaintiff's case-in-chief - and at the conclusion of trial, so that the jury might resolve disputed issues of fact to aid the Court in deciding whether defendants are entitled to qualified immunity, [13] and state-law immunity,[14] as a matter of law.

## PART IV:  DAMAGES[15]

### I.    Cautionary Instructions

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not defendants should be held liable. Second, with respect to plaintiff's claims, you may only award them damages if she has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that plaintiff actually suffered as a result of the defendants' conduct. You cannot award a plaintiff for injuries she may have suffered at the hands of others.

---

[12] Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007); Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003).

[13] See e.g. Saucier v. Katz, 533 U.S. 194, 199 (2001); Crawford-El v. Britton, 523 U.S. 574 (1998); Mitchell v. Forsyth, 472 U.S. 511 (1985).

[14] "New York law grant[s] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis."  Alhovsky v. Ryan, 658 F. Supp. 2d 526, 535 (S.D.N.Y. 2009).  As such, state law and federal law qualified immunity are essentially co-extensive.  See Pane v. Gramaglia, 2013 U.S. App. LEXIS 2449, at **2-3 (2d Cir. Jan. 30, 2013). ("Qualified immunity shields police officers acting in their official capacity from actions for damages under both federal and New York law, unless their actions violate a clearly established right of which an objectively reasonable officer would have known.").

[15] Defendant reserves the right to include additional jury charges regarding damages at the time of trial.

The damages that you award must be fair compensation, no more and no less.  It is the plaintiff who bears the burden of proving her damages by a preponderance of the credible evidence.

**II.**   <u>**Compensatory Damages**</u>

You may award compensatory damages only for injuries that a plaintiff proves were caused by defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation, no more and no less.  You may not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

If you find in favor of plaintiff, then you must award that plaintiff such sum of money as you believe will fairly and justly compensate him or her for any injury you believe he or she actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that a plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages for those injuries that are a direct result of actions by a defendant whom you have found is liable to a plaintiff, if you have found a defendant liable.  You must distinguish between the existence of a violation of a plaintiff's right and the existence of injuries naturally and proximately resulting from that violation.  Thus, even if you find that a defendant deprived a plaintiff of her right, you must ask whether that plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that she is claiming to have suffered.

If you return a verdict for plaintiff, then you must award her such sum of money as you believe will fairly and justly compensate him or her for any injury you believe she actually sustained as a direct consequence of the conduct of the defendants.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that a plaintiff prove the amount of his or her "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.  Your award must be fair and just.  It should neither be excessive nor inadequate, but should be reasonable.[16]

### III.  <u>Nominal Damages</u>

Now let's turn to nominal damages.  If you return a verdict for a plaintiff on the claim of excessive force but then find that she failed to prove by a preponderance of the credible evidence that she suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar.  This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no compensatory damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that a plaintiff did not prove injuries as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

---

[16] Adapted from Instruction 18.0.1 Section 1983 Litigation, Jury Instructions, Martin A. Schwartz, George C. Pratt, 2003.

**IV.    Punitive Damages[17]**

Plaintiff also seek punitive damages in this case.  If a plaintiff has proven by the preponderance of the evidence that defendants are liable, then you may, but you are not required, to determine whether that plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you must find that a plaintiff has clearly established that the acts of the defendants causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others.  The purpose of punitive damages[18] is to punish for shocking conduct and to set an example to deter others from the commission of similar offenses in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you believe the defendants acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendants and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

**V.    Damages:  Multiple Claims**

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate her for her injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will

---

[17]    Although defendants contends that, after hearing the evidence, the Court will determine that no rationale jury could find punitive damages against defendants in this case, defendants propose the following language on punitive damages should the Court find that the charge is necessary.

[18] Source: <u>Smith v. Wade</u>, 461 U.S. 30, 52-56 (1983).

fairly and justly compensate that plaintiff for the separate injuries he or she suffered.  But you should not compensate plaintiff for the same injury twice simply because you find defendants liable for multiple claims.

**VI.**   **Attorneys' Fees**

Federal law provides for an award of attorneys' fees to a plaintiff when she prevails in a civil rights action.  The award of attorneys' fees is a matter to be determined by the judge. Accordingly, if you award any damages to plaintiff, including nominal damages, you should not take into consideration the fees that plaintiff may have to pay his attorneys.

## PART V:  CONCLUDING INSTRUCTIONS

**I.**   **Selection of Foreperson; Right to See Exhibits and Hear Testimony:**
**Communications with the Court**

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law.  I will shortly send you as well a verdict form on which to record your verdict.  [If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.]

If you want any of the testimony, that can also be provided, either in transcript or readback form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any

question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## II.  **Verdict; Need for Unanimity; Duty to Consult**

You should not, however, tell me or anyone else how the jury stands on any issue until you reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous.  In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation:  to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered.  On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

Dated: New York, New York
         August 18, 2015

ZACHARY W. CARTER
Corporation Counsel
*Attorney for Defendants*
100 Church Street,
New York, New York  10007
T: (212) 356-2373
F: (212) 356-3509


By: _____/s/_____
     ANDREW LUCAS
     Assistant Corporation Counsel
     JOSHUA LAX
     Senior Counsel